### MARY GARRETT v. THE STATE.

#### No. 4635.   Decided October 31, 1917.

**Assault With Intent to Murder—Charge of Court—Instruments Used— Intent.**

Where, upon trial of assault with intent to murder, the court failed to submit in his charge, which was duly objected to, articles 1147 and 1149, of the Penal Code, the same was reversible error, where the evidence raised the issue of a sharp conflict as to whether defendant used a small pocket knife or a razor, and the question of intent to kill was also an issue in the case. Prendergast, Judge, dissenting.

Appeal from the District Court of Sabine.   Tried below before the Hon. C. R. Collins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Minton & Lewis,* for appellant.—On question of charge of court: Martinez v. State, 33 S. W. Rep., 970; Thompson v. State, 93 id., 111; Hightower v. State, 56 Texas Crim. Rep., 248, 119 S. W. Rep., 691; Coker v. State, 59 Texas Crim. Rep., 241, 128 S. W. Rep., 137; Ross v. State, 61 Texas Crim. Rep., 12, 133 S. W. Rep., 688.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of assault with intent to murder Alberta Johnson, and her punishment assessed at the lowest prescribed by law.

There is no necessity of reciting the evidence in detail. The testimony on behalf of the State was clearly sufficient to show that appellant, without justification, assaulted Alberta Johnson with a razor and cut her therewith very seriously and dangerously. Alberta Johnson, the assaulted party, testified that appellant could have killed her with that razor; that if she had cut her as deep on the front part of her neck as she did in another part of her body it would have killed her; and she said the doctor took twenty-three stitches in sewing up her wounds. Appellant cut her on the top of the head. The doctor said almost a block was cut out of her head about one and one-half inches long. She was cut on the arms, it seems in the back, and across her neck and breast. The deepest part of the cut was nearest to her neck,

and the doctor swore that the instrument that inflicted that wound was such as would have been capable of inflicting death. "If the wound had been slightly deeper in one place it would have inflicted death."

Appellant and her witnesses swore that she did not do the cutting with a razor but cut her with an ordinary pocketknife, or a small pocketknife. Some of her witnesses bore her out on this point. She also testified that Alberta Johnson assaulted her, and when she cut said witness she did it in self-defense. The State's testimony and the physical facts dispute this. She did not have a scratch on her. In impeachment of the appellant, the State proved by her that within a few years she had been indicted in three other cases for an assault with intent to kill three other negro girls, and that this was the fourth time in which she was indicted and tried for this offense.

The court gave a full charge, correctly telling the jury what assault and battery was, what murder, malice, etc., was, to which there was no objection. Then in submitting the case for a finding on assault to murder, charged the jury as follows: "If, from the evidence, you are satisfied beyond a reasonable doubt that the defendant, Mary Garrett, on or about the time charged in the indictment, in the County of Sabine, and State of Texas, with a deadly weapon, and with malice aforethought, did assault the said Alberta Johnson with intent then and there to kill and murder her, by the means charged in the indictment and if you are further satisfied by the evidence beyond a reasonable doubt, that said assault was not made under the immediate influence of sudden passion, produced by an adequate cause (as the same is hereafter explained to you) or not in defense of herself against an unlawful attack, producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an assault with intent to murder, and so say by your verdict, and assess her punishment at confinement in the penitentiary for a term not less than two nor more than fifteen years, as you may determine and state in your verdict.

"Before you convict the defendant in this case of assault with intent to murder, you must find beyond a reasonable doubt: first, that the defendant cut the said Alberta Johnson; second, that she did so with the specific intent of killing said Alberta Johnson; and, third, that she did so with malice aforethought; and if you have a reasonable doubt as to whether or not all of said three propositions are true, you will not convict the defendant of assault with intent to murder."

The court also submitted aggravated assault and self-defense in her favor. In the charge the court also correctly told the jury what was a deadly weapon.

Appellant objected to the charge of the court solely on the ground that the court failed to charge articles 1147 and 1149 of the Penal Code. That is the whole of the objection except he quoted these articles in his objection. He asks no special charge on the subject.

Vol 82 Crim.-5

This writer is of the opinion that under the circumstances of this case appellant's said objection to the court's charge, especially when the court charged as he did, as stated, that his objection does not present reversible error. However, the other two members of the court hold that the objection to the court's charge sufficiently presents the question and that the trial court erred in omitting to charge the two articles named, and upon their opinion the judgment of the court will be reversed and the cause remanded.

Another question raised was some claimed newly discovered evidence. Under the statute and decisions the evidence would not be newly discovered. However, as that question can not arise on another trial it is unnecessary to further state or discuss it.

Reversed and remanded.

*Reversed and remanded.*